OPINION OF THE COURT
Gloria Goldstein, J.
The pivotal issue presented in this small claims action is whether an appraiser, in issuing a property damage estimate, may legitimately seek a percentage of the amount of such estimate as a fee for his work in the preparation thereof.
In the instant case, the defendant herein, Premier Ford Inc., charged the plaintiff a sum of money computed upon the amount of such estimate together with storage fees and tax and the plaintiff presently seeks the return of these moneys heretofore paid by him to defendant.
The credible evidence as adduced shows that plaintiff brought his car to Premier Ford, Inc. (Premier) after the car had been in a collision. The plaintiff had a policy of collision insurance and requested that Premier work out an "arrangement” with his insurance company and thereafter repair his vehicle. Premier accepted the vehicle and prepared an invoice dated April 10, 1979 on which the following was handwritten:
"Hold for adjuster
I will pay 10% of est. if car not repaired here
Estimate $2725.60+ tax
Days Storage @ $5 per day
* * *
ok to repair”
The invoice also contained various printed terms, one of which stated: “Storage charged at $5.00 per day after 48 hours of work completion”. The claimant signed this invoice in two places.
An insurance adjuster visited the defendant’s shop and conducted an inspection, but requested a "teardown”, in that he wanted the defendant to dismantle various parts of the car to permit further inspection. Premier refused to do this and a stalemate occurred between Premier and the insurance adjuster with the plaintiff in the middle. Negotiations continued *1070 unsuccessfully for nearly three weeks. Finally, on day 21, the plaintiff obtained the release of his vehicle by paying $435.02 to the defendant. Premier never made any repairs or other improvements to plaintiff’s vehicle. The $435.02 was computed as follows:
"10% of estimate Storage @ $5 per day
$272.56
105.00
$377.56
Subtotal Sales Tax
57.46 (Ct note: this rate is in excess of 15%) $435.02”
After paying Premier, plaintiff brought his car to another shop where the insurance matter was ultimately resolved and the car was finally repaired. Plaintiff then sought the instant relief in Small Claims Court.
 Article 12-A of the Vehicle and Traffic Law regulates motor vehicle repair shops. The Legislature enacted article 12-A of the Vehicle and Traffic Law in part to "enhance consumer protection in New York State” (NY Legis Ann, 1974, p 282). Section 398-a of this article states, in substance, that two of the many purposes of the article are "to protect the consumers of this state from dishonest, deceptive and fraudulent practices” and "to set standards for quality repairs to be made to motor vehicles for fair and reasonable fees”. To further realize these and other purposes, and pursuant to section 398-g of this article, the Commissioner of Motor Vehicles promulgated 15 NYCRR 82.1 et seq. Both subdivision 2 of section 398-d of the Vehicle and Traffic Law and 15 NYCRR 82.5 (a) state in pertinent part that a motor vehicle repair shop "may charge a reasonable fee for making an estimate”. (Emphasis supplied.) Section 82.2 (g) of title 15 of the Official Compilation of Codes, Rules and Regulations of the State of New York defines a "[reasonable fee for making an estimate” as "[a]n amount based on no more than the shop’s labor charge, calculated by clock hours, or one dollar, whichever is greater”. Premier did not base their estimate fee accordingly, but rather based it upon 10% of the total estimate. The regulations also provide that a repair shop shall not "grossly overcharge”. (15 NYCRR 82.5 [i].) It is this court’s finding that the defendant did not charge a reasonable fee as required, but rather grossly overcharged plaintiff with regard to both the estimate and the sales tax. Consequently, Premier violated section 398-d of the Vehicle and Traffic Law and 15 NYCRR *1071 82.5 (i) which were promulgated to protect unwary consumers. In light of the purposes and public policy behind these laws, the violation shown in the instant action makes the contractual provision for estimate fees void and totally unenforceable, (see Campbell v WABC Towing Corp., 78 Misc 2d 671.)
It is doubtful that public policy would permit any waiver of the protections of the laws in question, but certainly an effective waiver should, at the very least, be an informed and knowing consent. Based upon those facts as presented, this court cannot imply or infer any waiver whatever.
The provision for storage charges also fails since it is tainted by the aforesaid illegality and further since the storage was merely an incidental part of the contract and not divisible. (See Manson v Curtis, 223 NY 313.) Even if this were not so, however, Premier would still not be entitled to storage charges. In a handwritten term, the contract provided simply "days storage @$5 per day” and in a printed term it provided that "storage is charged at $5.00 per day after 48 hours of work completion”. In addition, it provided that it was "ok to repair”. While handwritten terms are ordinarily controlling over printed terms, the terms in question are not inconsistent. Furthermore, Premier prepared the contract and any ambiguity must be construed against the draftsman of the agreement. (See Stream v Sportscar Salon, 91 Misc 2d 99; Rentways, Inc. v O’Neill Milk & Cream Co., 308 NY 342.) Based upon the evidence presented at trial and a careful reading of the contract, it is the court’s belief that storage fees were chargeable beginning 48 hours after work completion and that the work contemplated by the parties was never completed. Storage fees are thus not chargeable.
No determination is made as to the propriety of the insurance adjuster’s demand for a "teardown”. This imbroglio, however, could have been avoided if Premier had simply advised its customer that he would either have to authorize the "teardown” or take his car elsewhere. This court finds this was not done. If Premier had done this, and the claimant had refused, then perhaps the estimate itself, if the fee therefor had been reasonable, would have amounted to the completion of the work, and appropriate storage fees would have been chargeable 48 hours afterward.
Premier was clearly not permitted to assess 15%+ for sales tax. Since the plaintiff is not liable for the estimate fees or the storage charges, he should not be liable to Premier for any tax *1072 which was based on such improper charges, and the entire sales tax must be returned.
Finally, this court is not inclined to determine a reasonable fee to the defendant for the estimate made. Such a response would offend public policy. In effect, a repair shop would be able to charge an outrageous price for an estimate and when brought into court, would do no worse than receive the reasonable fee that should have been charged in the first instance. Violations of laws designed to protect consumers should be discouraged rather than covertly sanctioned by our courts.
Plaintiff’s damages amount to $435.02 and judgment is thus rendered accordingly, with interest and disbursements.